**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

MARK A. GOODWIN,

    Plaintiff,

        v.

ELKHART COUNTY, DAN MILANESE,
KARL MILLER, SMITH, ROBERSON,
JEFF SIEGEL, DAVID LANZEN, BARB
FITZGERALD, KRISTINE OSTERDAY,
and VICKIE BECKER,

    Defendants.

CAUSE NO. 3:26-CV-275-TLS-APR

<u>OPINION AND ORDER</u>

Mark A. Goodwin, a prisoner without a lawyer, filed a vague, confusing complaint. ECF 1. He says he is suing fifteen defendants, but he has only six numbered boxes for defendants and the clerk was only able to identify ten defendants where he squeezed multiple names into some of the boxes rather than following the instructions which told him to "Number each defendant. Put the name . . . of each defendant <u>in a separate box</u> . . . . " *Id*. at 3.

Goodwin says he is suing about events from March 2, 2022, to January 26, 2025. *Id.* He put the complaint in the prison mail system on February 23, 2026. *Id*. at 7. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Goodwin does not explain how claims arising before February 23, 2024, are not untimely.

Goodwin is suing the Mayor of Elkhart, the Elkhart Chief of Police, and Elkhart County, but it is unclear why. There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the

violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). A municipal entity may be sued based on a policy, practice, or custom under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but he does not identify any such policy. Goodwin is suing a judge, but "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (cleaned up). He sues a prosecutor, but "[a]bsolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (cleaned up). Goodwin does present facts from which it can be plausibly inferred that he has a claim against any of these defendants.

Goodwin says he was charged with multiple criminal violations under different cause numbers. He does not say whether he was found guilty and if so whether the convictions have been set aside.

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (cleaned up). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is

2

entitled to relief." *Iqbal*, 556 U.S. at 679 (cleaned up). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Goodwin believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. The amended complaint must clearly identify his defendants, explain what each one did to violate Goodwin's rights, and address the questions raised in this order.

For these reasons, the court:

(1) GRANTS Mark A. Goodwin until **April 10, 2026**, to file an amended complaint; and

(2) CAUTIONS Mark A. Goodwin if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice.

SO ORDERED on March 6, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

3